RAFAELA EDITA ALFONZO, Plaintiff and Appellee, *v.* JOSÉ MARTÍNEZ RODRÍGUEZ, Defendant and Appellant.

No. 6622.   Argued May 28, 1934.—Decided May 29, 1934.

*L. Mercader* for appellant. *A .Casanova* for appellee.

Mr. Justice Aldrey delivered the opinion of the court.

The transcript of the record for this appeal has been filed in this court. It does not contain the evidence introduced at the trial but only the pleadings of the parties, the judgment, the opinion on which it was based, and the notice of appeal. The appellant's brief has also been filed. The appellee moves that we dismiss the appeal as frivolous.

This suit was instituted against José Martínez Rodríguez in a municipal court, through an ordinary complaint wherein it was alleged that the plaintiff loaned $300 to Remigio Martínez, to be paid on a date that had already elapsed, which amount, together with $100 for interest, costs, and attorney's fees, was secured by a mortgage on the property described; and that the mortgaged property was sold to the defendant, who retained $300 of its purchase price for the payment of that indebtedness. Based on those allegations, plaintiff prayed that the defendant be adjudged to pay the $300 and the $100 additional for interest and costs, including attorney's fees. The defendant in his answer confined himself to a general denial of the averments of the complaint. He did not appear at the trial, and, judgment having been rendered against him, he appealed to the District Court of Arecibo.

On the day set for the trial de novo in the district court, the defendant moved for a continuance, alleging that he did not have his witnesses available. The plaintiff opposed this motion, and stated that if the court granted it, costs should be imposed on the defendant on account of the postponement. The district court agreed to postpone the trial, and in the presence of the parties' attorneys, set another date therefor. On that day neither the defendant nor his attorney appeared, and, after the trial was held and the plaintiff's evidence was presented, the defendant was adjudged to pay $300 principal and $100 additional credit; it being also provided that the mortgaged property be sold at public auction, in order to satisfy, out of the proceeds of such sale, the amounts claimed. On the same day that the judgment was rendered, the court

made an order reciting that the continuance had been granted upon the condition that the defendant should pay the costs of the postponement, and that, the plaintiff having presented her memorandum of costs claiming only $60 for attorney's fees, to which the defendant objected, alleging that the court lacked power to impose costs, the court reduced the $60 to $25 and adjudged the defendant to pay that amount. The defendant took an appeal from that order and from the judgment.

The grounds of appeal urged are: first, failure of the district court to declare itself without jurisdiction in the instant case as it involved the collection of a mortgage credit in a municipal court; and second, that, as a suit originating in the municipal court was involved, the district court lacked jurisdiction to make an order in regard to a memorandum of costs arising from the postponement of the trial and without hearing the defendant.

In support of the first ground of appeal he only cites our decisions in the cases of *Rosales* v. *District Court of San Juan,* 33 P.R.R. 305, and *Garcia* v. *Registrar,* 41 P.R.R. 473. In neither of these cases did we decide that a municipal court did not have jurisdiction to take cognizance of actions of debt where the money is secured by mortgage. Section 4 of the Act determining the jurisdiction on municipal courts (Comp. Stat. 1911, p. 247) confers jurisdiction on municipal courts to take cognizance of all civil matters in their districts up to the amount of $500, including interest.

In regard to the second ground of appeal, the question of whether the district court could or could not impose costs in a case originating in a municipal court, is not involved in this case, since the $25 the district court ordered the defendant to pay was as a condition for the granting of the continuance. Section 335 of the Code of Civil Procedure authorizes the court to impose the payment of the costs that may be occasioned by the postponement of a trial, as a condition of granting the request. Costs so imposed are for the

suspension of the trial and not for any obstinacy (*temeridad*) there may have been in the suit. In the instant case, the plaintiff was heard in regard to those costs, since, according to the record, an objection was made, on the ground of want of jurisdiction to impose them.

We find that the two grounds of appeal urged are frivolous, and therefore the appeals taken by the defendant must be dismissed.